**FILED**

**April 14, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Nos. 20-0850, 20-0851 – *Progressive Max Insurance Company v. Brehm and Hess.*

WOOTON, J., concurring:

I fully concur in the Court's opinion concluding that the plain language of West Virginia Code § 33-6-29(b) and § 33-6-31(c) do not extend underinsured motorists ("UIM") coverage to guest passengers in rental vehicles. I further concur in the Court's conclusion that Respondents Christine Brehm and Amber Hess ("Respondents") are not entitled to recover under the plain language of *Susan Bindernagel's* insurance policy with Petitioner Progressive Max Insurance Co. I write separately to address what some may perceive as an apparent inequity in the law which has been highlighted by this opinion.

As the majority thoroughly explains, Respondents are not "insureds" under the plain terms of Ms. Bindernagel's personal automobile insurance policy such that they could receive the benefit of her UIM coverage. This is so because Ms. Bindernagel's personal automobile insurance policy only extended UIM coverage to guest passengers in a "Covered Auto" as that term was defined in the policy. Under the policy, three vehicles meet the definition of "Covered Auto": (1) the vehicle listed on the policy (Ms. Bindernagel's 2011 Subaru); (2) an "additional auto," meaning a vehicle Ms. Bindernagel purchases and adds to the policy; or (3) a "replacement auto," meaning a vehicle that *permanently* replaces the vehicle listed on the policy. Under the plain language of the policy, a rental vehicle can *never* fall into one of these categories, and counsel for Petitioner conceded as much at oral argument.

1

Accordingly, under the language of the policy, Respondents would have been able to recover if they had been injured in a car Ms. Bindernagel owned—including one she purchased as an additional car or one that permanently replaced her listed vehicle. However, assume hypothetically we altered the facts of the case at bar. Imagine, for the sake of argument, that instead of simply operating *any* rental vehicle, Ms. Bindernagel's 2011 Subaru (the listed vehicle) had been damaged such that Progressive furnished her with a rental vehicle to drive while repairs were being made to her listed vehicle. If the rental vehicle provided by Progressive was then involved in a collision resulting in the same injuries as the case at bar, would Respondents be permitted to recover under Ms. Bindernagel's UIM policy? The answer is still no because, though the rental in this hypothetical is replacing the 2011 Subaru, it is not doing so permanently, nor could the rental in this hypothetical be an additional auto under the policy because Ms. Bindernagel has not purchased it.

Therefore, because the plain terms of Ms. Bindernagel's policy do not extend UIM coverage to guest passengers like Respondents in rental vehicles, they could only receive the benefit of that coverage if it was statutorily mandated. However, as explained thoroughly in the Court's opinion, West Virginia Code § 33-6-29(b) and § 33-6-31(c) do not operate to extend UIM coverage to guest passengers in rental vehicles. We are bound to reach this result under the law because the statutes make no mention of extending such coverage, and because the canons of statutory construction do not permit us to "read into a

2

statute that which it does not say." Syl. Pt. 11, in part, *Brooke B. v. Ray*, 230 W. Va. 355, 738 S.E.2d 21 (2013).

To the extent this may seem inequitable—or some may say fundamentally unfair—we have long adhered to the pronouncement that

> [t]his Court does not sit as a superlegislature, commissioned to pass upon the political, social, economic or scientific merits of statutes pertaining to proper subjects of legislation. It is the duty of the Legislature to consider facts, establish policy, and embody that policy in legislation. It is the duty of this Court to enforce legislation unless it runs afoul of the State or Federal *Constitutions*.

Syl. Pt. 2, *Huffman v. Goals Coal Co.*, 223 W. Va. 724, 679 S.E.2d 323 (2009); *accord Lewis v. Canaan Valley Resorts, Inc.*, 185 W. Va. 684, 692, 408 S.E.2d 634, 642 (1991) ("[T]he judiciary may not sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines."); Syl. Pt. 1, in part, *State ex rel. Appalachian Power Co. v. Gainer*, 149 W. Va. 740, 143 S.E.2d 351 (1965) ("Courts are not concerned with questions relating to legislative policy. The general powers of the legislature, within constitutional limits, are almost plenary."). As such, the remedy for this perceived inequity lies not with this Court, but with the West Virginia Legislature.

For the foregoing reasons, I respectfully concur.